## SILVER v. LOUCHEIM.

(Supreme Court, Appellate Term, First Department. April 14, 1914.)

1. BILLS AND NOTES (§ 421*)—DISHONOR—NOTICE—SUFFICIENCY.

Notice of dishonor of a promissory note, addressed to the place of plaintiff's residence, where defendant never had resided, and sent there merely because plaintiff had deposited the note in a bank at that point for collection, was a nullity.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1173, 1178–1187; Dec. Dig. § 421.*]

2. BILLS AND NOTES (§ 412*)—DISHONOR—NOTICE OF DISHONOR—DILIGENCE.

Where the only attempt plaintiff made to discover the residence of defendant, a prior indorser, was to inquire at a place where he had formerly worked, that was not diligence sufficient, under Negotiable Instruments Law (Consol. Laws, c. 38) § 183, to dispense with notice of dishonor, where the maker of the note was plaintiff's own brother, and the indorsement

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

was upon the note when plaintiff received it, for it was his duty at least to apply to the other parties to the note for information.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 1141; Dec. Dig. § 412.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Morris Silver against Jerome S. Loucheim. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Argued March term, 1914, before SEABURY, LEHMAN, and BIJUR, JJ.

Robert H. Charlton, of Brooklyn, for appellant.

Harry Leon (Harold Spielberg, of New York City, of counsel), for respondent.

LEHMAN, J. The plaintiff has obtained a judgment in an action on a note, brought by him as second indorser, against the first indorser. It appears that the note was made by plaintiff's brother to the plaintiff's order, and that the defendant's indorsement was upon it when delivered to the plaintiff. The sole issues litigated were whether the plaintiff had given notice of dishonor to the defendant, and whether, if no notice of dishonor was given, such notice was dispensed with under section 183 of the Negotiable Instrument Law.

[1] It was shown by the certificate of a notary that notice of dishonor was mailed to the defendant at Stapleton, Staten Island. The defendant never lived at this address, but for four years had lived in Long Island and done business in the borough of Manhattan. The notice was apparently addressed to Stapleton only because the plaintiff lived and had deposited the note in a bank at that address. The notice of dishonor must therefore be regarded as a nullity. The plaintiff, however, claims that this fact is immaterial, because notice of dishonor could not be given after the exercise of reasonable diligence, and is therefore dispensed with under section 183 of the Negotiable Instrument Law.

[2] The only diligence which the plaintiff claims to have exercised was to ask attendants in the Metropolitan Life Building for defendant's address, and to write a letter to him there. The defendant admits that he was employed by the Metropolitan Life Insurance Company at one time, but inasmuch as the plaintiff was told at the Metropolitan Life Building that defendant was unknown there, and did not attempt to serve the defendant with notice there, I do not think that this inquiry alone showed reasonable diligence. It was not even shown that he inquired of the maker for defendant's address. It was his duty "at least immediately to apply to the other parties to the note for information." University Press v. Williams, 48 App. Div. 188, 62 N. Y. Supp. 986, and authorities there cited. This rule seems to me particularly applicable to this case, where the defendant's indorsement was upon the note before it was delivered, and the maker was a brother of the plaintiff.

Judgment should therefore be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.